IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Guy B. Louthian,<br><br>                        Plaintiff,<br><br>v.<br><br>Woody Bilton Ford and T.J. Johnson,<br><br>                        Defendants. | Civil Action No. 2:11-cv-03385-SB-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

The Plaintiff, represented by Attorney Coming Ball Gibbs, Jr., filed the instant discrimination action against Defendants Woody Bilton Ford and T.J. Johnson on December 13, 2011. On May 2, 2012, the undersigned issued the following text order:

> TEXT ORDER re proof of service. The instant action was filed on December 13, 2011. Plaintiff, however, has not yet filed proof of service, and the 120-day period set forth in Rule 4(m) of the Federal Rules of Civil Procedure has expired. It is therefore ORDERED that Plaintiff shall file proof of service on or before May 16, 2012. If Plaintiff fails to do so, the instant action may be dismissed without prejudice pursuant to Rule 4(m). AND IT IS SO ORDERED.

(Dkt. No. 7.) Plaintiff filed nothing; he did not file proof of service, nor did he file a document discussing any attempts at service of process.

Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part,

> **(m) Time Limit for Service**. If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

FED. R. CIV. P. 4(m). Because Plaintiff has not filed proof of service, has not moved for an extension of time, and indeed has not filed anything since December 13, 2011, the undersigned RECOMMENDS that the instant action be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

May 30, 2012
Charleston, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).