IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Guy B. Louthian, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:11-3385-SB |
| v. ) | |
| ) | |
| Woody Bilton Ford and T.J. Johnson, ) | **ORDER** |
| ) | |
| Defendants. ) | |

The Plaintiff, represented by Attorney Coming Ball Gibbs, Jr., filed this employment discrimination action against Defendants Woody Bilton Ford and T.J. Johnson on December 13, 2011. On May 2, 2012, United States Magistrate Judge Bruce Howe Hendricks issued the following text order:

> TEXT ORDER re proof of service. The instant action was field on December 13, 2011. Plaintiff, however, has not yet filed proof of service, and the 120-day period set forth in Rule 4(m) of the Federal Rules of Civil Procedure has expired. It is therefore ORDERED that Plaintiff shall file proof of service on or before May 16, 2012. If Plaintiff fails to do so, the instant action may be dismissed without prejudice pursuant to Rule 4(m). AND IT IS SO ORDERED.



(Entry 7.) When the Plaintiff filed nothing in response to this order, the Magistrate Judge issued a report and recommendation ("R&R") on May 30, 2012, recommending that the Court dismiss this action without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, which provides as follows:

> (m) Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Attached to the R&R was a notice advising the Plaintiff of the right to file specific, written objections to the R&R within fourteen days of the date of service of the R&R. To date, no objections have been filed.

Absent timely objection from a dissatisfied party, a district court is not required to review, under a de novo or any other standard, a Magistrate Judge's factual or legal conclusions. Thomas v. Arn, 474 U.S. 140, 150 (1985); Wells v. Shriner's Hosp., 109 F.3d 198, 201 (4th Cir. 1997). Here, because the record does not contain any specific, written objections, there are no portions of the R&R to which the Court must conduct a de novo review. Moreover, after review, it appears that the Plaintiff has not filed proof of service despite being ordered to do so and being given additional time, has not moved for any additional extension of time, and, indeed, has not filed anything since filing this action on December 13, 2011. Accordingly, the Court agrees with the Magistrate Judge that dismissal of this action without prejudice is appropriate under the circumstances.

Based on the foregoing, it is

**ORDERED** that the R&R (Entry 8) is adopted, and this matter is dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

June 19, 2012
Charleston, South Carolina